IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSIGHT EQUITY d/b/a VISION-EASE LENS WORLDWIDE<br><br>Plaintiff,<br><br>v.<br><br>TRANSITIONS OPTICAL, INC.,<br><br>Defendant. | No. 10-cv-635 (RGA) |

## MEMORANDUM ORDER

Defendant has filed a *Daubert* motion to strike Plaintiff's current damages theory that rests on a 40 store hypothetical roll out of its photochromic lens product. (D.I. 46). At the *Daubert* hearing, I directed Plaintiff to prepare an alternative damages theory. (D.I. 157 at 159). Defendant objected. (D.I. 157 at 160; D.I. 158 at 122–25, 128–130). Both parties submitted letters addressing the issue. (D.I. 159; D.I. 160).

The *Pennypack* factors inform whether to allow Plaintiff to submit a revised damages theory. *See Z.F. Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298–99 (3d Cir. 2012). Those factors are (1) prejudice to or "surprise in fact" of Defendant; (2) "the ability of [Defendant] to cure the prejudice"; (3) "the extent to which allowing such witnesses or evidence would disrupt the orderly and efficient trial of the case or of other cases in the court"; (4) any "bad faith or willfulness in failing to comply with the court's order"; and (5) "the importance of the excluded evidence." *Id.* at 298

1

(citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977) (internal quotation marks omitted)).

Two considerations under the *Pennypack* factors weigh heavily in favor of allowing Plaintiff to submit a revised damages theory: importance and timing.

The fifth *Pennypack* factor directs me to consider the importance of the evidence to be excluded. *See id.* "The importance of the evidence is often the most significant factor." *Id.* While I have not yet made a decision on the admissibility of the current damages theory, it is no secret that I find the assumptions underlying the 40 store hypothetical dubious.[1] *See Insight Equity d/b/a Vision-Ease Lens Worldwide v. Transitional Optical, Inc.*, 2016 WL 3610155, at *12 n. 5 (D. Del. Jul. 1, 2016). Having a workable damages model is critical to Plaintiff's case moving forward. *See Z.F. Meritor*, 696 F.3d at 299. Generally speaking, "[e]xpert testimony is necessary to establish damages in an antitrust case." *Id.*

A decision granting Defendant's *Daubert* motion and denying Plaintiff an opportunity to submit a revised damages theory would be dispositive. The Third Circuit has deemed such a move by a district court an "extreme sanction," *id.* at 297 (internal quotation marks omitted), and held it is particularly disfavored in the antitrust context because it would "frustrate[]" the public interest in "deterring antitrust violations...," *id.* at 300.

---

[1] I decline to wait until deciding the *Daubert* motion to decide whether to allow Plaintiff to submit a revised damages theory. Briefing on that motion will not be completed until January 20, 2017. Waiting would compound any prejudice to Defendant and would complicate, for the Court and for the parties, preparation for the trial.

Timing also militates in favor of allowing Plaintiff a chance to revise its damages theory. *See In re Paoli R.R. Yard PCB Litig. v. Brown*, 35 F.3d 717, 740–741, 740 n. 6 (3d Cir. 1994) (considering the "proximity of the trial date" in evaluating the district court's decision to exclude expert testimony). Timing speaks to the second and third *Pennypack* factors: curing the prejudice to Defendant and disruption of the efficient trial of the case. This is not a case where Plaintiff seeks a second bite at the apple on the eve of trial. *See id.* at 740 n. 6 (collecting cases). Instead trial is not scheduled for seven months. That is ample time to allow Plaintiff to prepare an alternative damages theory and for Defendant to test it.

Defendant argues both that Plaintiff is undeserving of a second chance and that Defendant will be unfairly prejudiced because of cost and surprise. Defendant is correct that Plaintiff has little excuse for not having prepared an alternative damages theory. *See Z.F. Meritor*, 696 F.3d at 299.

Litigation entails expense but cost is not a reason for me to issue a dispositive evidentiary ruling. Further, the need for a revised damages model is not surprising in fact. Defendant has long known it was challenging Plaintiff's damages theory. Defendant has been aware since July 1st of my footnote in the summary judgment opinion (D.I. 141 at 26 n.5) casting doubt on the 40 store hypothetical. I am also not convinced that employee turnover at Defendant will handicap Defendant in responding to a revised damages theory. Thus, any prejudice to Defendant is substantially outweighed by the interest in allowing Plaintiff to present a revised

3

damages theory. That is not to say I am granting a new fact discovery free-for-all. Plaintiff's theories must be based on facts currently in the record.

Defendant's objection is **OVERRULED**. Plaintiff is ordered to submit an alternative damages model and report by December 31, 2016.

IT IS SO ORDERED this 30 day of November 2016.

/s/ Richard G. Andrews
United States District Judge