IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSIGHT EQUITY AP X LP, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 10-635-RGA |
| TRANSITIONS OPTICAL INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

I unsealed the summary judgment record effective December 12, 2016, except as to any part of it to which objections were filed by December 7, 2016. (D.I. 156). Three timely objections were filed. (D.I. 162, 164, 165). Plaintiff answered. (D.I. 169). One reply was received. (D.I. 171).

Visionworks objected to the unsealing of one document, and supported its objection with a declaration. (D.I. 165). Plaintiff's answer does not object to Visionworks' objection. (D.I. 169). I therefore grant Visionworks' objection. Exhibit 96 (which can be found at D.I. 43-5 & 43-6) is ordered to **REMAIN SEALED**.

U.S. Vision objects to the unsealing of five exhibits, portions of the Baseman expert report, and portions of briefs filed in relation to summary judgment motions. (D.I. 162).

Carl Zeiss objects to portions of both the Stiroh and Baseman expert reports. (D.I. 164).

Neither U.S. Vision nor Carl Zeiss submit any support under oath for their positions.

In response, Plaintiff objects to some of the objections, but not all. (D.I. 169). In particular, it objects to Exhibit 138 (D.I. 68-38), and paragraphs 57, 112, 120, 142, and 240 and

footnotes 197, 199, 235, 431, 432, 433, and 434 of Baseman's expert report (D.I. 55-1).

The party seeking to seal has to establish good cause. Good cause requires a showing that "disclosure will work a clearly defined and serious injury to [that party]. The injury must be shown with specificity." *Id*. at 507 (alteration in the original; citations and internal quotation marks omitted). Or, in other words, the party seeking to seal judicial records must demonstrate "a compelling interest" in shielding those materials from public view. *Id*. at 508. Among other things, I have considered the various factors, to the extent relevant, set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994), Courts should consider:

> (1) whether disclosure will violate any privacy interests; (2) whether the information being sought is for a legitimate purpose; (3) whether disclosure will cause embarrassment to a party; (4) whether the information to be disclosed is important to public health and safety; (5) whether sharing the information among litigants will promote fairness and efficiency; (6) whether the party benefitting from the order is a public entity or official; and (7) whether the case involves issues important to the public.

*Mosaid Tech Inc. v. LSI Corp*, 878 F.Supp.2d 503, 508 n.2 (D.Del. 2012) (citing *Pansy*). I also take into account that some of the materials at issue were provided after a protective order was already in place, and, thus, I should consider the reliance of the objecting parties on the protective order. *See Crum & Crum Enterprises, Inc. v. NDC of California., L.P.*, 2011 WL 886356, *2 (D.Del. Mar. 10, 2011).

Simply because the parties have designated the information as confidential, highly confidential, confidential – attorneys' eyes only, etc., under a protective order is irrelevant to the present issue, that is, whether information submitted in connection with summary judgment motions should be redacted. There is not much public interest in the information that is exchanged in discovery. Once, however, it is disclosed in a judicial proceedings, it is in the public interest to be able to understand the proceedings before a judge, and redaction of the

relevant record hinders that public interest. Nevertheless, there are things that might be appropriately sealed in a public proceeding, such as the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology. Information in a document, report, brief, or transcript may hint at some of these things without actually threatening any "clearly defined and serious injury." Things that typically weigh against the necessity of sealing include that the information is old, or general, or already in the public record, and was relevant to the judicial proceeding. Further, if there is a need for redactions, the proposed redactions should be as narrow as possible.

It appears that Exhibit 138 is a TOI document about plans for 2007, that is, ten years ago. There is no evidence that disclosure of the document will work any harm to U.S. Vision. Therefore, its request as to Exhibit 138 is **DENIED**. Exhibit 138 (D.I. 68-38) is **UNSEALED**.

The various paragraphs and supporting footnotes in the Baseman report have to do with the existence of exclusivity agreements or Carl Zeiss's market share, all in the 2005-09 period. I accept that Carl Zeiss's estimate of its market share ten years ago was extremely confidential business information at the time, the disclosure of which would have worked a business harm to Carl Zeiss. Not so today. Even less do I understand the U.S. Vision objection, which clearly has no relevance to today. Thus, the U.S. Vision and Carl Zeiss objections to the disclosure of the five identified paragraphs of the Baseman report are **DENIED**. Paragraphs 57, 112, 120, 142, and 240 are **UNSEALED**.

I note in regard to the above that there may be a privacy interest, but that it is extremely marginal due to the passage of time. The information is sought for a legitimate purpose, namely, to prepare for trial. Disclosure will cause no embarrassment to anyone. The information is irrelevant to public health and safety. Disclosing the information will marginally ease the

efficiency of trial preparation. Only private parties benefit from the sealing order. Antitrust issues are important to the public. Thus, of the seven *Pansy* factors, the first, fourth, and sixth weigh in favor of sealing; the second, third, fifth, and seventh weigh in favor of unsealing. I do not see reliance as making any difference to the ultimate outcome. Had the documents not been voluntarily produced, I expect they would have been involuntarily produced. In the end, where there is a dispute, the staleness of the information tips the balance in favor of disclosure.

I also direct that the summary judgment briefs be **UNSEALED.** Thus, except as to exhibits and portions of expert reports to which Plaintiff did not object,[1] the summary judgment record is **UNSEALED.**

IT IS SO ORDERED this 29 day of December 2016.

_____
United States District Judge

---

[1] I do not consider Plaintiff's footnote (D.I. 169 at 2 n.1) to be a responsive argument to the various third-party objections.